**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Southern_____ District of _____Texas_____

Case number (*if known*): _____ Chapter ___11___

☐   Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Bandon Oil and Gas GP, LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** | ColdrenSPN Resources GP, LLC |
| | | Coldren Resources GP LLC |
| | Include any assumed names, trade names, and *doing business as* names | Beryl Oil and Gas GP LLC |
| | | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 20-4839172 |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2000    W. Sam Houston Pkwy. S. | |
| Number    Street | Number          Street |
| Suite 1200 | |
| | P.O. Box |
| Houston    TX    77042 | |
| City    State    ZIP Code | City          State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Harris | |
| County | Number          Street |
| | |
| | City          State    ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | www.fieldwoodenergy.com |

**6.   Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

| Debtor | Bandon Oil and Gas GP, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2111 – Oil and Gas Extraction

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☒ Yes   District   S.D. Tex.   When   02/15/2018   Case number   18-30658 (DRJ)
                                        MM/ DD/ YYYY

        District _____   When _____   Case number _____
                                        MM / DD/ YYYY

Debtor    Bandon Oil and Gas GP, LLC                                    Case number (if known) _____
_____
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor    See Schedule 1                    Relationship    Affiliates

District    S.D. Tex.                    When    08/03/2020
                                                MM / DD/ YYYY
Case number, if known    _____

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other    _____

**Where is the property?**    _____
                                    Number          Street

                                    _____
                                    City                    State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency    _____

Contact Name    _____

Phone    _____

---

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☒ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | Bandon Oil and Gas GP, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **15. Estimated assets** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| **(on a consolidated basis with all affiliated debtors)** | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |
| **16. Estimated liabilities** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| **(on a consolidated basis with all affiliated debtors)** | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____08/03/2020_____
MM / DD / YYYY

✗ _/s/ Mike Dane_                              Mike Dane
Signature of authorized representative of debtor        Printed name

Senior Vice President and Chief Financial Officer
Title

**18. Signature of attorney**

✗ _/s/ Alfredo R. Pérez_                  Date ___08/03/2020___
Signature of attorney for debtor                    MM / DD / YYYY

Alfredo R. Pérez                          Matthew S. Barr
Printed Name

Weil, Gotshal & Manges LLP                Weil, Gotshal & Manges LLP
Firm Name

700 Louisiana, Suite 1700                 767 Fifth Avenue
Address

Houston, Texas  77002                     New York, New York  10153
City/State/Zip

(713) 546-5000                            (212) 310-8000
Contact Phone

alfredo.perez@weil.com                    matt.barr@weil.com
Email Address

15776275                 Texas
Bar Number                State

## **Schedule 1**

<u>Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor</u>

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas.

| COMPANY |
|---|
| Dynamic Offshore Resources NS, LLC |
| Fieldwood Energy LLC |
| Fieldwood Energy Inc. |
| Fieldwood Energy Offshore LLC |
| Fieldwood Onshore LLC |
| Fieldwood SD Offshore LLC |
| Fieldwood Offshore LLC |
| FW GOM Pipeline, Inc. |
| GOM Shelf LLC |
| Bandon Oil and Gas GP, LLC |
| Bandon Oil and Gas, LP |
| Fieldwood Energy SP LLC |
| Galveston Bay Pipeline LLC |
| Galveston Bay Processing LLC |

ACTION BY
WRITTEN CONSENT OF
THE GOVERNING BODIES OF
FIELDWOOD ENERGY LLC
FIELDWOOD ENERGY OFFSHORE LLC
FIELDWOOD ONSHORE LLC
FIELDWOOD SD OFFSHORE LLC
FIELDWOOD OFFSHORE LLC
FW GOM PIPELINE, INC.
GOM SHELF LLC
BANDON OIL AND GAS GP, LLC
BANDON OIL AND GAS, LP
DYNAMIC OFFSHORE RESOURCES NS, LLC
FIELDWOOD ENERGY SP LLC
GALVESTON BAY PIPELINE LLC
GALVESTON BAY PROCESSING LLC

August 3, 2020

The required members of the board of directors, the sole member, the managing member, the sole manager or the sole general partner, as the case may be (as applicable, the "**Governing Body**"), of each of the entities referenced above (each, a "**Company**," and collectively, the "**Companies**"), do hereby consent to, adopt, and approve, by written consent in accordance with, as applicable, Section 141(f) of the Delaware General Corporation Law, Section 18-302(d) of the Delaware Limited Liability Company Act, Section 17-405(d) of the Delaware Revised Uniform Limited Partnership Act, the Louisiana Limited Liability Company Law, and Section 101.359 of the Texas Limited Liability Company Act, the following resolutions and each and every action effected thereby:

**WHEREAS**, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses; and

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company; and

**WHEREAS**, each Governing Body believes that commencing the Chapter 11 Cases (as defined below) and taking the actions set forth below are in the best interests of the applicable Company and, therefore, desires to approve the following resolutions.

**I.     Commencement of Chapter 11 Cases**

**NOW, THEREFORE, BE IT RESOLVED**, that each Governing Body of each Company has determined, after due consultation with the management and the legal and financial advisors of the applicable Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any manager, member, officer or director of such Company (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized,

empowered, and directed to execute and file in the name and on behalf of such Company, and under its corporate seal or otherwise, all petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer, who may act without the joinder of any other Authorized Officer, deems necessary, proper, or desirable in connection with such Company's chapter 11 case (each, a "**Chapter 11 Case**" and, together, the "**Chapter 11 Cases**"), including, without limitation, continuing to use cash in the ordinary course and negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case; and be it further

## II.    Retention of Advisors

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Companies in their Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that AlixPartners, LLP, located at 1221 McKinney Street, Suite 3275, Houston, Texas 77010, is hereby retained as financial advisor for the Companies in their Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Houlihan Lokey Inc., located 245 Park Avenue, 20th Floor, New York, New York 10167, is hereby retained as investment banker for the Companies in their Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Prime Clerk LLC, located at 830 Third Avenue, 9th Floor, New York, New York 10022, is hereby retained as claims, noticing and solicitation agent for the Companies in their Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

## III.    Restructuring Support Agreement

**WHEREAS**, it is contemplated that the Companies enter into a Restructuring Support Agreement in substantially the form previously provided to the Governing Bodies (the "**RSA**");

**WHEREAS**, it is contemplated that the Companies will implement a financial restructuring (the "**Restructuring**") on substantially the terms set forth in the RSA, the Restructuring Term Sheet attached thereto as Exhibit A (the "**RSA Term Sheet**"), the DIP Term Sheet (as defined below) and the Apache Term Sheet (as defined therein); and

**WHEREAS**, the Governing Bodies, having considered the terms of the RSA, the RSA Term Sheet, the DIP Term Sheet and the Apache Term Sheet and having consulted with the Companies' management and having received and considered advice from the Companies' legal and financial advisors, deem it advisable and in the best interests of each of the Companies for each of the Companies to enter into the RSA.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the RSA (including the RSA Term Sheet, the DIP Term Sheet and the Apache Term Sheet), substantially in the form presented to the Governing Bodies, and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Companies are hereby authorized,

approved and declared advisable and in the best interest of each of the Companies, with such changes therein and additions thereto as any Authorized Officer, who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the RSA shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Person, is hereby authorized to execute and deliver any amendments, supplements, modifications, restatements, waivers, substitutions, and extensions of the RSA.

## IV.    **Debtor-in-Possession Financing**

**RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interests of (i) in the case of Fieldwood Energy LLC, a Delaware limited liability company (the "**DIP Facility Borrower**"), to enter into and obtain loans, (ii) in the case of the Guarantors (as defined below), to guarantee the DIP Facility Borrower's obligations under the DIP Credit Agreement (as defined below), and (iii) in the case of the DIP Facility Borrower and the Guarantors, to consummate the transactions under that certain multiple-draw senior secured debtor-in-possession term loan credit facility in an aggregate principal amount of up to $100,000,000 substantially on the terms and conditions set forth in the DIP Term Sheet attached to the RSA Term Sheet (the "**DIP Term Sheet**") and to be evidenced by a secured debtor-in-possession credit agreement, by and among, the DIP Facility Borrower and the other Companies, as guarantors (the "**Guarantors**"), the lenders from time to time party thereto (the "**Lenders**"), and Cantor Fitzgerald Securities, as administrative agent and collateral agent for the Lenders (in such capacity and together with its successors, the "**Agent**") (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**"; capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement) in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the DIP Financing Documents (as defined below) by each Company that is party thereto and the consummation by such Company of the transactions contemplated thereunder, including (i) in the case of the DIP Facility Borrower, the borrowing of funds under the DIP Credit Agreement, (ii) in the case of Guarantors, the guaranty of the obligations thereunder as provided in any guaranty, (iii) in the case of the DIP Facility Borrower and the Guarantors, the grant of a security interest and liens upon substantially all of such Company's assets in favor of the secured parties (including the authorization of financing statements in connection with liens) and (iv) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "DIP Financing Document" and collectively, the "DIP Financing Documents"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of such Company, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which such Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Dip Credit Agreement and such DIP Financing Document with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Term Sheet, the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Companies throughout the Chapter 11 Cases, substantially in the form presented to the Governing Body and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that each Authorized Officer of each Company, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of such Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that each Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document including the granting of security thereunder; and be it further

**RESOLVED**, that each Authorized Officer of each Company, who may act without the joinder of any other Authorized Officer, is hereby authorized to grant security interests in, and liens on, any and all property (including oil and gas properties and other real property) of such Company as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of such Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of such Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that each Authorized Officer of each Company, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Officer of each Company, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## V.    Ratification

**RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings

of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Officer, who may act without the joinder of any other Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Company.

This consent may be executed in two or more counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument. The secretary of each Company is authorized to place a copy of this consent in the official records of the Company to document the actions set forth herein as actions taken by the Governing Body of such Company.

[*Remainder of page intentionally left blank.  Signature page follows.*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of FW GOM PIPELINE, INC. have executed this unanimous written consent as of the date first set forth above.

DocuSigned by:

*Mike Dane*

774100423DDA455...

Name: Michael T. Dane


DocuSigned by:

*Thomas R. Lamme*

AC8E4974033F48E...

Name: Thomas R. Lamme


SIGNATURE PAGE TO WRITTEN CONSENT

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of FIELDWOOD ENERGY LLC has executed this written consent as of the date first set forth above.

**FIELDWOOD ENERGY INC.**

By: _Thomas R. Lamme_
Name:  Thomas R. Lamme
Title:   Senior Vice President and General Counsel

SIGNATURE PAGE TO WRITTEN CONSENT

**IN WITNESS WHEREOF**, the undersigned, being the sole manager, of DYNAMIC OFFSHORE RESOURCES NS, LLC, FIELDWOOD ENERGY OFFSHORE LLC, FIELDWOOD SD OFFSHORE LLC, FIELDWOOD ENERGY SP LLC, BANDON OIL AND GAS GP, LLC and FIELDWOOD ONSHORE LLC has executed this written consent as of the date first set forth above.

By: _____
Name:   Thomas R. Lamme
Title:    Sole Manager

SIGNATURE PAGE TO WRITTEN CONSENT

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of GOM SHELF LLC and FIELDWOOD OFFSHORE LLC has executed this written consent as of the date first set forth above.

**FIELDWOOD ENERGY LLC**

**BY ITS MANAGING MEMBER:**
**FIELDWOOD ENERGY INC.**

By: _Thomas R. Lamme_
AC8E4074023F48E...

Name: Thomas R. Lamme
Title: Senior Vice President and General Counsel

SIGNATURE PAGE TO WRITTEN CONSENT

DocuSign Envelope ID: AD2979E2-6FE1-46BD-B9B9-E34FC9DF6B8C

**IN WITNESS WHEREOF**, the undersigned, being the sole general partner of BANDON OIL AND GAS, LP has executed this written consent as of the date first set forth above.

**BANDON OIL AND GAS GP, LLC**

By: _Thomas R. Lamme_
Name:  Thomas R. Lamme
Title:    Vice President

SIGNATURE PAGE TO WRITTEN CONSENT

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of GALVESTON BAY PIPELINE LLC and GALVESTON BAY PROCESSING LLC has executed this written consent as of the date first set forth above.

**FIELDWOOD ONSHORE LLC**

By: _Thomas R. Lamme_
                 AC8E4974023F48E...
Name: Thomas R. Lamme
Title:    Vice President

SIGNATURE PAGE TO WRITTEN CONSENT

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name:</td><td>Bandon Oil and Gas GP, LLC</td></tr>
<tr><td>United States Bankruptcy Court  for the:</td><td>Southern District of Texas<br>(State)</td></tr>
<tr><td>Case number (If known):</td><td></td></tr>
</table>

☐  Check if this is an  amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders   12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Oceaneering International Inc. Attn.:  Roderick A. Larson, President and Chief Executive Officer Oceaneering International Inc. 11911 FM 529 Houston, TX 77041 | Attn.:  Roderick A. Larson, President and Chief Executive Officer Phone:  (985) 329-3900 Fax:  (985) 329-3901 Email: usremittancesoii@oceaneering.com | Trade Debt | C, U, D | | | $13,860,073.00 |
| 2 | Atlantic Maritime Services Inc. Attn.:  President or General Counsel 5847 San Felipe, Suite 3500 Houston, TX 77057 | Attn.:  President or General Counsel Phone: (281) 809-0377 Email: eren.demet@valaris.com | Trade Debt | C, U, D | | | $13,539,719.00 |
| 3 | SUBSEA 7 US LLC Attn.:  John Evans, CEO 17220 Katy Freeway, Suite 100 Houston, TX 77094 | Attn.:  John Evans, CEO Phone: (713) 430-1100 Phone: (713) 300-6573 Fax: (713) 461-0039 Email: denia.espinoza@subsea7.com | Trade Debt | C, U, D | | | $10,869,562.00 |
| 4 | Kilgore Marine Services Inc. Attn.:  President or General Counsel 200 Beaullieu Drive, Bldg. 8 Lafayette, LA 70508 | Attn.:  President or General Counsel Phone: (337) 988-5551 Fax: (337) 988-5559 Email: connie@kilgoremarine.com | Trade Debt | C, U, D | | | $7,903,718.00 |
| 5 | XTO Energy Inc. Attn.:  Bart Chair, President 22777 Springoods Village Pkwy Spring, TX 77389-1425 | Attn.:  Bart Chair, President Phone: (817) 885-2292 Fax: (817) 870-1671 Email: jib_inquiry@xtoenergy.com | Joint Interest Billing | C, U, D | | | $7,821,513.00 |
| 6 | Alliant Insurance Services, Inc. Attn.:  Thomas W. Corbett, Chairman and Chief Executive Officer 701 B Street, 6th Floor San Diego, CA 92101 | Attn.:  Thomas W. Corbett, Chairman and Chief Executive Officer Phone: (619) 238-1828 Fax: (949) 756-2713 Email: dkelly@alliant.com | Insurance | C, U, D | | | $7,428,620.00 |
| 7 | Tetra Applied Technologies, Inc. Attn.:  Brad M. Murphy, President and Chief Executive Officer 24955 I-45 North The Woodlands, TX 77380 | Attn.:  Brad M. Murphy, President and Chief Executive Officer Phone: (281) 364-4324 Phone: (281) 367-1983 Fax: (281) 364-4398 Email: remit@tetratec.com | Trade Debt | C, U, D | | | $5,582,780.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | Island Operating Company Inc.<br>Attn.:  General Counsel<br>108 Zachary Dr.<br>Scott, LA 70583 | Attn.:  General Counsel<br>Phone:  (337) 233-9594<br>Fax:  (337) 235-9657<br>Email: wthibodeaux@islandoperating.com | Trade Debt | C, U, D | | | $4,846,155.00 |
| 9 | OneSubsea LLC<br>Attn.:  Oliver le Peuch, CEO<br>4646 W. Sam Houston Parkway N<br>Houston, TX 77041 | Attn.:  Oliver le Peuch, CEO<br>Phone: (713) 939-2211<br>Fax: (281) 285-1927<br>Email: camcan@slb.com | Trade Debt | C, U, D | | | $4,428,425.00 |
| 10 | Anadarko US Offshore LLC<br>Attn.:  Vicki Hollub, President and Chief Executive Officer<br>1201 Lake Robbins Dr.<br>The Woodlands, TX 77380 | Attn.:  Vicki Hollub, President and Chief Executive Officer<br>Phone: (800) 359-1692<br>Phone: (832) 636-1000<br>Fax: (832) 636-0352<br>Email: crm.jib@anadarko.com | Joint Interest Billing | C, U, D | | | $3,981,853.00 |
| 11 | Workstrings International, LLC<br>Attn.:  President or General Counsel<br>1150 SMEDE Hwy.<br>Broussard, LA 70518 | Attn.:  President or General Counsel<br>Phone: (337) 989-9675<br>Fax: (337) 492-0012<br>Email: ron.comeaux@workstrings.com | Trade Debt | C, U, D | | | $3,273,601.00 |
| 12 | Halliburton Energy Services<br>Attn.:  Jeff Miller, Chairman, President and Chief Executive Officer<br>3000 North Sam Houston Parkway East<br>Houston, TX 77032 | Attn.:  Jeff Miller, Chairman, President and Chief Executive Officer<br>Phone: (800) 444-7830<br>Phone: (281) 871-4000<br>Fax: (281) 871-6450<br>Email:  fdunarach@halliburton.com | Trade Debt | C, U, D | | | $3,212,212.00 |
| 13 | Schlumberger Technology Corporation<br>Attn.:  Oliver le Peuch, CEO<br>1200 Enclave Parkway<br>Houston, TX 77077 | Attn.:  Oliver le Peuch, CEO<br>Phone: (504) 851-1074<br>Phone: (713) 513-2000<br>Fax: (281) 285-1927<br>Email:  namremittance@slb.com | Trade Debt | C, U, D | | | $2,846,935.00 |
| 14 | Baker Hughes Oilfield Operations Inc.<br>Attn.:  Lorenzo Simonelli, Chairman and Chief Executive Officer<br>17021 Aldine Westfield<br>Houston, TX 77073-5101 | Attn.:  Lorenzo Simonelli, Chairman and Chief Executive Officer<br>Phone: (713) 879-1889<br>Phone: (713) 439-8600<br>Fax: (713) 439-8699<br>Email: arcccashapplication@bakerhughes.com | Trade Debt | C, U, D | | | $2,644,179.00 |
| 15 | Linear Controls Inc.<br>Attn.:  President or General Counsel<br>107 1/2 Commission Blvd.<br>Lafayette, LA 70508 | Attn.:  President or General Counsel<br>Phone: (337) 857-8215<br>Fax: (337) 837-2121<br>Email:  payments@linearcontrols.net | Trade Debt | C, U, D | | | $2,516,172.00 |
| 16 | Wood Group PSN Inc.<br>Attn.:  Robin Watson, CEO<br>17325 Park Row<br>Houston, TX 77084 | Attn.:  Robin Watson, CEO<br>Phone: (337) 234-0100<br>Fax: (337) 234-0193<br>Email: remittance.usfsc@woodgroup.com | Trade Debt | C, U, D | | | $2,390,515.00 |
| 17 | W&T Offshore Inc.<br>Attn.:  Tracy W. Krohn, CEO<br>Nine Greenway Plaza, Suite 300<br>Houston, TX 77046 | Attn.:  Tracy W. Krohn, CEO<br>Phone: (713) 626-8525<br>Fax: (713) 626-8527<br>Email:  rstanley@wtoffshore.com | Joint Interest Billing | C, U, D | | | $2,382,217.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Fluid Crane & Construction Inc. Attn.:  President or General Counsel 5411 Hwy 90 E New Iberia, LA 70560 | Attn.:  President or General Counsel Phone: (337) 364-6191 Fax: (337) 364-0410 Email:  jrenard@fluidcrane.com | Trade Debt | C, U, D | | | $2,204,929.00 |
| 19 | Offshore Energy Services, Inc. Attn.:  General Counsel 5900 US Hwy 90 E Broussard, LA 70518 | Attn.:  Steve Roussel, Executive Vice President Phone: (337) 837-1024 Fax: (337) 837-3627 Email:  knorris@offshorees.com | Trade Debt | C, U, D | | | $2,187,316.00 |
| 20 | Gate Attn.:  Grant Gibson, CEO 16360 Park Ten Place, Suite 206 Houston, TX 77084 | Attn.:  Grant Gibson, CEO Phone: (713) 303-5169 Phone: (281) 398-5781 Fax: (775) 618-6902 Email:  mmyhre@gateinc.com | Trade Debt | C, U, D | | | $2,167,941.00 |
| 21 | Prime Tank LLC Attn.:  General Counsel 1253 Petroleum Parkway Broussard, LA 70518 | Attn.:  President or General Counsel Phone: (888) 837-5888 Fax: (337) 256-8861 Email: markbelanger@primetankllc.com | Trade Debt | C, U, D | | | $2,062,800.00 |
| 22 | Acadian Contractors Inc. Attn.:  General Counsel 17102 West LA Hwy 330 Abbeville, LA 70511-1608 | Attn.:  Troy Blanchard, Vice President Phone: (337) 893-6397 Fax: (337) 893-6403 Email: troyb@acadiancontractors.com | Trade Debt | C, U, D | | | $1,970,106.00 |
| 23 | Superior Energy Services LLC Completion Services, Attn.:  Donald Dunlap, President and Chief Executive Officer 16619 Aldine Westfield Houston, TX 77032 | Attn.:  Donald Dunlap, President and Chief Executive Officer Phone: (337) 837-6047 Phone: (281) 784-5700 Fax: (281) 784-5745 Email: laf.accountsrecievable@superior-energy.com | Trade Debt | C, U, D | | | $1,935,681.00 |
| 24 | Solar Turbines Incorporated Attn.:  President or General Counsel 13105 NW Freeway Houston, TX 77040 | Attn.:  President or General Counsel Phone: (858) 292-3151 Fax: (858) 694-6891 Email: t3_solar_accounts_receivable@solar-turbines.com | Trade Debt | C, U, D | | | $1,868,725.00 |
| 25 | FMC Technologies Inc. Attn.:  Douglas J. Pferdehirt, Chairman and Chief Executive Officer 11740 Katy Freeway Houston, TX 77079 | Attn.:  Douglas J. Pferdehirt, Chairman and Chief Executive Officer Phone: (281)-591-4000 Fax: (337) 837-5844 Email: fmcar@fmcti.com | Trade Debt | C, U, D | | | $1,744,565.00 |
| 26 | Gulf Crane Services, Inc. Attn.:  Charles Bollinger, CEO 73413 Bollfield Dr. Covington, LA 70434 | Attn.:  Charles Bollinger, CEO Phone: (985) 892-0056 Fax: (985) 892-4061 Email: ashleysclafini@gulfbank.com | Trade Debt | C, U, D | | | $1,666,920.00 |
| 27 | Warrior Energy Services Corporation Attn.:  Mark Poche, VP Gulf Coast Region 5801 Highway 90 E Broussard, LA 70518 | Attn.:  Mark Poche, VP Gulf Coast Region Phone: (337) 714-2556 Fax: (337) 714-0010 Email: mpche@bwwc.com | Trade Debt | C, U, D | | | $1,655,817.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28  Clariant Corporation<br>Attn.:  President or General Counsel<br>4000 Monroe Road<br>Charlotte, NC 28205 | Attn.:  President or General Counsel<br>Phone:  (704) 331-7000<br>Fax:  (704) 377-1063<br>Email:  oilservices.gom@clariant.com | Trade Debt | C, U, D | | | $1,648,849.00 |
| 29  Aker Solutions Inc.<br>Attn.:  Luis Arujo, CEO<br>2103 Citywest Blvd., Suite 800<br>Houston, TX 77042 | Attn.:  Luis Arujo, CEO<br>Phone:  (713) 685-5700<br>Fax:  (713) 685-5712<br>Email:<br>musa.hussain@akersolutions.com | Trade Debt | C, U, D | | | $1,297,230.00 |
| 30  Trendsetter Engineering Inc.<br>Attn:  General Counsel<br>10430 Rodgers Rd.<br>Houston, TX 77070 | Attn:  General Counsel<br>Phone:  (281) 465-8858<br>Email:<br>p.orcutt@trensetterengineering.com | Trade Debt | C, U, D | | | $1,249,521.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
-------------------------------------------------§
                                                 §
In re:                                           §        Chapter 11
                                                 §
BANDON OIL AND GAS GP, LLC,                       §        Case No. 20-_____ (___)
                                                 §
                                                 §        (Joint Administration Requested)
               Debtor.                           §
                                                 §
-------------------------------------------------§
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Fieldwood Energy LLC ("**Fieldwood Energy**") and its affiliated debtors (the "**Affiliated Debtors**"), as proposed debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**").  Fieldwood Energy, on behalf of itself and the Affiliated Debtors, respectfully represents as follows:

1. Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2. Fieldwood Energy Inc. ("**Parent**") is the ultimate parent company of each of the Affiliated Debtors and, directly or indirectly, owns 100% of the equity interests in each of the Affiliated Debtors.

3. The following entities own, directly or indirectly, 10% or more of Parents' equity interests:

   a. Certain funds sponsored by or affiliated with Riverstone Holdings LLC collectively own approximately 49% of Parent's common stock (the "**Common Stock**").

   b. Certain funds sponsored by or affiliated with Bardin Hill Investment Partners

LP collectively own approximately 12% of the Common Stock.

    c.  Certain funds sponsored by or affiliated with Mudrick Capital Management LP collectively own approximately 11% of the Common Stock.

4.  To the best of the Debtors' knowledge and belief, no other corporation owns 10% or more of the equity interests of Parent.

## Exhibit A

**Organizational Chart**

# Fieldwood Energy Organization Chart – Debt Overlay



**\*Debtor entities are denoted by a dotted outline**

- Borrower under the FLFO, FLTL and SLTL; Obligor in respect of the Apache Decommissioning Agreement
- Holdings under the FLFO, FLTL, and SLTL
- Guarantor under the FLFO, FLTL, and SLTL
- Guarantor under the FLFO, FLTL, and SLTL and Obligor in respect of the Apache Decommissioning Agreement
- Excluded Subsidiary (Immaterial) under the FLFO, FLTL, and SLTL
- Receivables Subsidiary in connection with Qualified Receivables Financing
- Acquired through the Apache Transaction, September 30, 2013
- Acquired through the Sandridge Transaction, February 25, 2014

| Facility | Maturity | Principal |
|---|---|---|
| **Fieldwood - First Lien Debt Obligations** | | |
| First Lien First Out Term Loans ("FLFO") | 12/31/2021 | $139 million |
| First Lien Last Out Term Loans ("FLTL") | 04/11/2022 | $1,143 million |
| **Fieldwood - Second Lien Debt Obligations** | | |
| Second Lien Term Loans ("SLTL") | 04/11/2023 | $518 million |
| Total Funded Debt | | $1,800 million |



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

```
---------------------------------------------------§
                                                   §
In re:                                             §        Chapter 11
                                                   §
BANDON OIL AND GAS GP, LLC,                         §        Case No. 20-_____ (___)
                                                   §
                                                   §        (Joint Administration Requested)
                     Debtor.                        §
                                                   §
---------------------------------------------------§
```

## LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest of the above-captioned debtor in possession (the "**Debtor**").

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interests | Percentage of Interests Held |
|---|---|---|
| Fieldwood Energy Offshore LLC 2000 W. Sam Houston Pkwy S., Suite 1200 Houston, Texas  77042 | Member Interests | 100% |

---

[1] All equity positions listed herein are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name:   Bandon Oil and Gas GP, LLC

United States Bankruptcy Court for the: Southern District of Texas
(State)

Case number (*If known*):

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/03/2020
MM / DD /YYYY

X   */s/ Mike Dane*
Signature of individual signing on behalf of debtor

Mike Dane
Printed name

Senior Vice President and Chief Financial Officer
Position or relationship to debtor